MELINDA BENT, *Executrix, versus* LEVI R. WEEKS ET AL.

The Court of Probate has jurisdiction of the assignment of dower and sale of the reversion, and where no question is made concerning the regularity of the proceeding and no appeal taken, the decree of that court is final.

A tenant in dower, after the termination of the estate, is not entitled to betterments under the provisions of the statute of 1843, ch. 6, where he is not the assignee or grantee by deed, of or from the tenant, of the life estate.

Bent *v.* Weeks.

REPORTED by APPLETON, J.

This was a WRIT OF ENTRY, originally commenced by William G. Bent, the plaintiff's testator, who died pending the suit, and the plaintiff, whose capacity as executrix is admitted, comes in to prosecute. A tract of land is demanded, on the northerly side of Mill street, in Orono, and a claim is set up for rents and profits.

Both the plaintiff and Levi R. Weeks claim through Henry Sleeper, late of Orono, deceased, who died at Orono on the last of January, 1856, owning the demanded premises.

*Rowe & Bartlett,* counsel for the plaintiff.

The decree of the Judge of Probate, awarding dower to Lucinda Sleeper, and the license to the executors to sell the reversion of the widow's dower in the land demanded, are conclusive, the matters being within the jurisdiction of the Probate Court. *Potter* v. *Webb,* 2 Maine R., 257; *Leavitt* v. *Harris,* 7 Mass. R., 292; *Perkins* v. *Fairfield,* 11 Mass. R., 227; *Heath* v. *Welsh,* 5 Pick. R., 140–4.

The facts which the defendants offer to prove are inadmissible.

The defendants' claim of betterments is not allowable.

Their possession has not been adverse, as is necessary. *Comings* v. *Stuart,* 22 Maine R., 110; *Mason* v. *Richards,* 15 Pick. R., 141. A reversioner cannot lose his rights by adverse possession in a stranger, during the continuance of the particular estate. 1 Hill. Abr., 555.

One holding an estate in dower under the widow, cannot, after the termination of the estate, set up a claim for betterments against the reversioner. *Maddocks* v. *Jellison,* 11 Maine R., 482.

The defendants do not bring themselves within the provisions of ch. 6 of acts of 1843, March 4.

*N. Wilson,* counsel for the defendants.

HATHAWAY, J. In pursuance of proceedings in the Probate Court, the demanded premises were duly assigned to Lucinda Sleeper, as her dower in the estate of her deceased

husband, Henry Sleeper, and the reversion of her dower was duly sold for payment of his debts, and conveyed to William G. Bent, the demandant's testator.

Lucinda Sleeper died before the commencement of this suit.

The tenants attempted to defeat the title of the demandant's testator, and for that purpose offered to prove that said Lucinda was never the lawful wife of Henry Sleeper.

The Probate Court had jurisdiction of the matters of the assignment of dower and the sale of the reversion. No question is made concerning the regularity of the proceedings in that court, and no appeal was taken from its decrees, which, therefore, are *conclusive.*

The tenants are not entitled to betterments.

They cannot avail themselves of the provisions of the statute of 1843, ch. 6, for they were not, and do not claim to have been, "the assignees or grantees, by deed, of or from the tenant of the life estate (Lucinda Sleeper) or her heirs-at-law, or legal representatives."

As agreed by the parties, a default must be entered.